**DENTONS US LLP**
John R. Vales (JV4307)
john.vales@dentons.com
Kelly L. Lankford (KL9203)
kelly.lankford@dentons.com
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7129

Natalie J. Spears (application for *pro hac vice* to be filed)
natalie.spears@dentons.com
Gregory R. Naron (application for *pro hac vice* to be filed)
gregory.naron@dentons.com
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000

*Attorneys for Defendant*
*Chicago Tribune Company, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY MALANDRUCCO,<br><br>        Plaintiff,<br><br>v.<br><br>CHICAGO TRIBUNE COMPANY, LLC,<br><br>        Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Document Electronically Filed<br><br>Removed from the<br>Superior Court of New Jersey,<br>Chancery Division, Hudson County |

TO: United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

WITH NOTICE TO:

Clerk of the Court
Superior Court of New Jersey
Chancery Division, Hudson County
William Brennan Courthouse
583 Newark Avenue
Jersey City, New Jersey 07306

Gregory Malandrucco
2935 John F. Kennedy Blvd., Ph. 07
Jersey City, New Jersey 07306

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1441 and 1446, defendant Chicago Tribune Company LLC, erroneously sued as "Chicago Tribune, Inc." (herein, "Tribune") hereby removes the above-captioned civil action from the Superior Court of New Jersey, Chancery Division, Hudson County ("the Superior Court"), in which the action was pending, to the United States District Court for the District of New Jersey, the judicial district embracing the place where such action was pending. In support of the removal, Tribune states as follows:

### GROUNDS FOR REMOVAL

1. Without conceding that there is any merit to the Complaint's claims or allegations, or that Tribune is liable to plaintiff Gregory Malandrucco ("Plaintiff")

1

or any other person, the Court has original jurisdiction of this action because, as set forth below, Plaintiff purports to assert claims under the Federal Copyright Act and other "laws. . . of the United States." 28 U.S.C. §§ 1331, 1338(a). Alternatively, this Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties.

I. **Timeliness Of Removal.**

2.  Plaintiff commenced the action by filing his *pro se* Complaint on July 24, 2018 in the Superior Court. The action is styled *Gregory Malandrucco v. Chicago Tribune, Inc.*, and was assigned Docket No. C-108-18.[*]

3.  On July 27, 2018, Tribune, the sole named defendant, was served with the Complaint and an Order to Show Cause.

4.  Thirty days have not yet elapsed from Tribune's receipt of the Complaint. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

5.  A copy of all process, pleadings, and orders served on Tribune in this action is attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

II. **Federal Question.**

6.  Plaintiff's Complaint seeks the removal of a 2010 news article from Tribune's website archive because it includes a photograph of Plaintiff following

---

[*] On July 6, 2018, Plaintiff filed a complaint in the same court alleging essentially the same underlying facts and claims for relief against Google LLC. That action is styled *Gregory Malandrucco and Nisha Banerjee v. Google, Inc*. and was assigned Docket No. C-100-18.

an incident of police brutality that was the subject of a civil suit by Plaintiff and a matter of great public interest. (*See* Compl. ¶ 1 and Exh. 1 ("Background and the Case for Relief"); Order to Show Cause ("OSC"), p. 1.)

7. In support of the unconstitutional relief Plaintiff seeks, he purports to assert claims for violation of the Federal Copyright Act, 17 U.S.C. § 101, *et seq*. (alleging that he is the "copyright holder on the photograph (U.S. copyright VA 2-987-741)" and Tribune was not "authorized" to use it), and the Federal Crime Victims' Rights Act, 18 U.S.C. § 3771. (*See* Certification in Supp. of OSC, ¶¶ 4, 5.)

8. Without conceding that there is any merit to the Complaint's claims or allegations, this Court has original jurisdiction over the claims asserted in the Complaint pursuant to 28 U.S.C. §1338(a) (district court has "original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights"; "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights") and 28 U.S.C. §1331 (district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").

9. Hence, this matter is removable from state court to this Court pursuant to 28 U.S.C. § 1441.

### III. Diversity of Citizenship.

10. Complete diversity of citizenship exists among the parties. 28 U.S.C. § 1332(a).

11. Plaintiff alleges in his Complaint that he is a resident of the state of New Jersey. Plaintiff is a citizen of New Jersey.

12. Plaintiff alleges in his Complaint that Tribune resides in Chicago, Illinois. (*See* Compl. ¶ 1.) Tribune is a Limited Liability Company incorporated in the state of Delaware with its principal place of business in the state of Illinois.

13. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

14. Without conceding that there is any merit to Plaintiff's Complaint's claims or allegations, the Complaint seeks unspecified damages including for alleged "injury to mental health" for which he is "in ongoing treatment" and "financial harm" resulting from alleged rejection from "more than 700 employers, grants and scholarships. . . ." (Compl. ¶ 3.) Furthermore, the Copyright Act permits the award of actual damages and profits, or alternatively statutory damages of up to $150,000 for willful infringements (17 U.S.C. § 504) as well as attorneys' fees (17 U.S.C. § 505), which also should be included in determining the matter in controversy. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

15. As specified in 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

16. Hence, this matter is removable from state court to this Court pursuant to 28 U.S.C. § 1441.

**IV.   Venue And Assignment.**

17. The Superior Court is located within this judicial district. 28 U.S.C. § 110. Venue is therefore proper under 28 U.S.C. § 1441(a).

## CONCLUSION

18. Tribune reserves the right to file additional support for this Notice of Removal by way of declarations, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and/or legal argument.

19. Tribune reserves all defenses it may have, including that the Complaint fails to state a claim upon which relief can be granted and the relief he seeks is patently unconstitutional under the First Amendment, and all objections it may have to service, jurisdiction, or venue.

20. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiff and a copy of this Notice of Removal has been filed with the Clerk of the Superior Court. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Tribune hereby gives notice of the removal to this Court of the action pending in the Superior Court under the caption *Gregory Malandrucco v. Chicago Tribune, Inc.*, Docket No. C-108-18.

Dated: August 6, 2018

Respectfully submitted,

DENTONS US LLP

By: */s/ John R. Vales*
John R. Vales (JV4307)
john.vales@dentons.com
Kelly L. Lankford (KL9203)
kelly.lankford@dentons.com
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7129

Natalie J. Spears
(*pro hac vice* to be filed)
natalie.spears@dentons.com
Gregory R. Naron
(*pro hac vice* to be filed)
gregory.naron@dentons.com
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000

*Attorneys for Defendant Chicago Tribune Company LLC*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

John R. Vales, of full age, hereby certifies in accordance with Local Civil Rule 11.2 that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 6, 2018.

                DENTONS US LLP

                By: */s/ John R. Vales*
                    John R. Vales (JV4307)
                    john.vales@dentons.com
                    101 JFK Parkway
                    Short Hills, New Jersey 07078
                    (973) 912-7129